

202 Carnegie Center
P.O. Box 5226
Princeton, New Jersey 08543-5226
609.924.0808 main | 609.452.1888 fax

www.hillwallack.com

WRITER'S DIRECT DIAL: (609) 734-6358

January 8, 2014

**VIA ECF**
The Honorable Cathy L. Waldor
United States Magistrate Judge
Martin Luther King Jr. Federal Building & Courthouse, Room 4C
50 Walnut Street
Newark, New Jersey 07101

Re:   *Shire LLC, et al. v. Amneal Pharms., LLC, et al.*, Civil Action No. 11-3781 (SRC)(CLW) (Consolidated)

Dear Judge Waldor:

    We represent defendant Sandoz Inc. in the above-captioned patent case. We write jointly on behalf of defendants Roxane Laboratories Inc., Amneal Pharmaceuticals, LLC, Johnson Matthey Inc. and Johnson Matthey Pharmaceutical Materials, Mylan Pharmaceuticals Inc. and Mylan Inc., Actavis LLC, Actavis Elizabeth LLC, and Sandoz Inc. (collectively, "Defendants") with regard to a discovery dispute with plaintiffs Shire LLC and Shire Development LLC (collectively, "Shire").

    Shire refuses to provide one of its experts, Ronald J. Sawchuk, Ph.D., for deposition other than on January 9, 2013—a date that Shire unilaterally chose despite Defendants' repeated requests for an alternative date (which Shire rejected) and immediate notice to Shire that January 9 was not acceptable because of, among other things, an oral argument scheduled that day before the Federal Circuit involving counsel for Roxane. Dr. Sawchuk's expert reports include opinions critical to Plaintiff's infringement case, which are specific to each separate Defendant. His reports also include numerous opinions meant to rebut specific invalidity defenses, including certain defenses asserted by some but not all of the Defendants. Accordingly, it would prejudice Defendants to hold the deposition on a date that cannot be attended by each Defendant seeking to attend the deposition. This matter needs immediate attention because Shire has asserted that it will not present Dr. Sawchuk for deposition at all if it does not go forward on January 9—and Defendants cannot go forward with that date, especially now that there is not reasonable time for preparation and travel. Defendants respectfully request the Court enter an order requiring Shire to produce Dr. Sawchuk for deposition at a date mutually agreeable among the parties and witness.

**HILL WALLACK LLP**
ATTORNEYS AT LAW

Page 2

**RELEVANT BACKGROUND**

Shire retained Dr. Sawchuk as an expert witness in this case. Dr. Sawchuk provided three expert reports relating to patent infringement and validity. The reports are voluminous, offer opinions pertaining to over 250 asserted claims from 12 of the patents-in-suit, and contain numerous defendant-specific opinions. For example, Dr. Sawchuk's infringement opinions are defendant-specific, as reflected by the division of his report into separate sections addressing each defendant's alleged infringement. His invalidity opinions are also defendant-specific, as only some defendants assert certain defenses addressed by Dr. Sawchuk, *e.g.* invalidity pursuant to 35 U.S.C. § 101 and/or 35 U.S.C. § 112. Indeed, Dr. Sawchuk's invalidity report alone responds to opinions offered in four separate expert reports provided by Defendants' experts. Accordingly, each defendant has a separate and distinct set of issues about which they may seek to question Dr. Sawchuk at deposition. Fed. R. Civ. P. 26(b)(4)(A) ("A party may depose any person who has been identified as an expert whose opinions may be presented at trial.").

In December 2013, the parties began corresponding to schedule depositions of expert witnesses. On December 10, the same date that Shire proposed January 9 for Dr. Sawchuk's deposition, Shire asked Defendants to reschedule the proposed deposition date for one of Defendants' experts, Dr. Chambliss. On December 13, Defendants agreed to Shire's proposal to change Dr. Chambliss' deposition date, and further asked if Shire could reschedule Dr. Sawchuk's deposition. Shire refused Defendants' proposed alternate dates for Dr. Sawchuk's deposition on December 17 and again on December 20. On December 26, Defendants wrote to Shire that:

> In accordance with your December 17 letter, Defendants attempted to confirm Dr. Sawchuk's deposition for January 13 to which Shire responded that Dr. Sawchuk would be unavailable any other day except for January 9. Shire has yet to provide any alternate dates for Dr. Sawchuk's deposition, and Counsel for Roxane is unavailable on January 9 because of an oral argument scheduled that day before the Federal Circuit.

(Exhibit 1). Defendants proposed another alternative date for the deposition of Dr. Sawchuk and asked for other dates if Defendants' proposal was not convenient for the witness or Shire. (*Id.*)

On December 30, Shire responded that they "are unable to schedule Dr. Sawchuk's deposition on your requested alternate dates." (Exhibit 2.) Further, "[i]f none of the Defendants are able to take Dr. Sawchuk's deposition on January 9th, please let us know and we will

HILL WALLACK LLP
ATTORNEYS AT LAW

Page 3

investigate Dr. Sawchuk's availability after February 7th." (*Id.*)[1]  Shire acknowledged in its letter that "*Defendants have not confirmed Dr. Sawchuk's January 9th deposition.*" (*Id.*) (Emphasis added).

On January 2, 2014, Defendants asked Shire to "please also look into Dr. Sawchuk's availability after February 7" while "hold[ing]" January 9 open.  (Exhibit 3.)  Since the January 9th date was the only date ever offered by Shire, the request to "hold" that date clearly was intended to communicate Defendants' intent to take Dr. Sawchuk's deposition at an alternative available date, which Shire said on December 30 it would investigate but apparently had not done so.  None of the Defendants indicated that they would or could proceed with Dr. Sawchuk's deposition on January 9th.

On January 2, Shire again asked Defendants to confirm January 9.  (Exhibit 4.)  Defendants did not confirm the date.  Instead, and in light of the failure of Shire to offer any alternative dates within the expert discovery period, Defendants again asked Shire to "please provide us with Dr. Sawchuk's availability after February 7th." (Exhibit 5.)

The parties' correspondence continued through January 7, with Defendants repeatedly requesting that Shire provide alternative dates, and indicating that January 9 would not work.  (Exhibit 6.)  In response, Shire repeatedly refused to provide alternative dates and only ever offered Dr. Sawchuk for deposition on January 9 in New York City until, in the afternoon on January 7, when Shire suggested for the first time that Dr. Sawchuk could also be available on January 10.  (*Id.*)  Only as of this morning has Shire formally proposed this January 10 date.  (*Id.*)  January 10 is essentially a non-offer since it was made with two days notice, which Shire should know Defendants could not accept.  By this time, a January 9 or January 10 deposition is unworkable not only due to the previously mentioned oral argument but also because there is not a reasonable lead time for Defendants' counsel to prepare for and travel to the hypothetical deposition (for example, Sandoz's counsel who intends to participate in the deposition is in San Diego, California).  Given that Dr. Sawchuk's infringement opinions are specific to each Defendant, and since not all Defendants have joined in the invalidity positions which Dr. Sawchuk attempted to rebut in his second report, it would be prejudicial for the deposition to proceed on a date that cannot be attended by counsel for each Defendant.

---

[1] Expert discovery is to be completed by February 7, 2014.  (Docket No. 403.)

**HILL WALLACK LLP**
ATTORNEYS AT LAW

Page 4

**RELIEF REQUESTED**

      Defendants respectfully request the Court enter an order requiring Shire to provide Dr. Sawchuk for deposition at a date mutually agreeable among the parties and the witness.

                                    Respectfully submitted,

                                    /s/Eric I. Abraham
                                  ERIC I. ABRAHAM

cc:    All counsel of record (via ECF)