NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **SHIRE LLC, et al.,** | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 2:11-cv-03781 (SRC)(CLW) |
| | : | (CONSOLIDATED) |
| v. | : | |
| | : | **OPINION** |
| **AMNEAL PHARMACEUTICALS LLC,** | : | |
| et al., | : | |
| Defendant. | : | |
| | : | |
| _____ | : | |

CATHY L. WALDOR, United States Magistrate Judge.

I.   **Introduction**

Pending before the Court is an informal application by Roxane Laboratories, Inc. ("Defendant") to compel Plaintiffs Shire LLC and Shire Development LLC (collectively "Shire") to return or destroy privileged documents produced by co-defendants Johnson Matthey, Inc. and Johnson Matthey Pharmaceutical Materials (collectively "JM"). (Docket Entry No. 430, "Letter Request"). For the reasons set forth below Defendant's application is hereby **DENIED**.

II.   **Background & Procedural History**

On November 1, 2013, Defendant asked the Court to compel Shire to return, sequester, or destroy documents produced by JM pursuant to Fed. R. Civ. P. 26(b)(5)(B), Fed. R. Evid. 502(b), and the clawback procedure set forth in paragraph 16 of the Discovery Confidentiality Order ("DCO"). ("Letter Request"). Initially Defendant argued for the return or destruction of more than 100 emails and attachments containing confidential information that is subject to the attorney-client privilege and work-product protection. (Id. at 2). The parties met and conferred narrowing the controversy to five emails and corresponding attachments. These five emails are

part of Exhibit 2 attached to Defendant's letter to the Court dated March 13, 2014. (Docket Entry No. 547, "Exhibit 2 Documents").

## II. Discussion

### A. Parties' Arguments

Defendant asserts that a common-interest or joint-defense privilege exists between the defendants in this case and that JM cannot unilaterally waive the privilege without consent from the other members of the common-interest community. (Letter Request at 2).

Shire argues that Defendant cannot assert a claim of privilege and that no joint-defense privilege exists between JM and Defendant. (Docket Entry No. 433, "Letter Response"). Even if a joint-defense agreement was in place, the privilege could be waived by JM alone. (Id.). Here, Shire contends that JM intentionally waived the privilege as to these communications when it permitted several of its fact witnesses to testify about them. (Id.).

### B. Analysis

> The attorney-client privilege protects communications between attorneys and clients from compelled disclosure. It applies to any communication that satisfies the following elements: it must be (1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client.

Teleglobe Commc'ns Corp. v. BCE, Inc., 493 F.3d 345, 359 (3d Cir. 2007). "Disclosing a communication to a third party unquestionably waives the privilege." Id. at 361.

The standard for work product doctrine is governed by Fed. R. Civ. P. 26(b)(3) and "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." United States v. Nobles, 422 U.S. 225, 238 (1975); United Coal Cos. V. Powell Constr. Co., 839 F.2d 958, 966 (3d Cir. 1988). Thus, the rule prevents an

adverse litigant from examining "documents and tangible things that are prepared in anticipation of litigation." Fed. R. Civ. P. 26(b)(3).

The Community-of-Interest doctrine allows "attorneys representing different clients with similar legal interests to share information without having to disclose it to others." Teleglobe Commc'ns Corp., 493 F.3d at 364. If applicable, the doctrine protects communications made between *attorneys* when all members of the community share a "common legal interest" in the shared communication." Id. (emphasis added). Thus, to be eligible for the protection, the communications must be between two attorneys representing different members of the community of interest. Id. It is not an independent privilege, but rather, an exception to the general rule that disclosure of a privileged communication to a third-party waives the privilege. See, e.g., Cavallaro v. United States, 284 F.3d 236, 250 (1st Cir. 2002) ("The common interest doctrine . . . is not an independent basis for privilege, but an exception to the general rule that the attorney-client privilege is waived when privileged information is disclosed to a third-party." (quotation omitted)).

The degree of common legal interest required to qualify under the doctrine is the subject of some debate, ranging from "substantially similar" to "identical." See, e.g., La. Mun. Police Emps. Ret. Sys. v. Sealed Air, 253 F.R.D. 300, 309-10 (D.N.J. 2008) (substantially similar legal interests sufficient); Duplan Corp. v. Deering Milliken, Inc., 397 F. Supp. 1146, 1172 (D.S.C. 1974) (identical interests required). The burden to show the privilege has not been waived, and thus, that the doctrine applies, rests with the party resisting disclosure. Hoffmann La Roche, Inc. v. Roxane Labs., Inc., 2011 U.S. Dist. LEXIS 50404, 14-16 (D.N.J. May 11, 2011) (citing Greene, Tweed of Del., Inc. v. DuPont Dow Elastomers, LLC, 202 F.R.D. 418, 423 (E.D. Pa. 2001)).

As a threshold matter the Court notes the following: 1) Defendant was not present at the depositions when these communications were marked as exhibits despite having been expressly invited to attend; 2) Defendant did not request copies of JM's production to verify privileged documents were not being produced to Shire; 3) none of the communications at issue were marked as privileged; and 4) an executed Joint-Defense/Community-of-Interest Agreement has not been presented to the Court and the Court assumes that one does not exist. These communications are not shared between two attorneys as required by Teleglobe thus ending the inquiry as to whether such an exception applies. 493 F.3d at 365, 372.

The Court has reviewed these documents in camera and makes the following findings:

### A. JM00312981

The Court finds that this is not a communication between privileged persons but instead an email sent from a non-attorney representative to another non-attorney who subsequently shared its contents with JM's in-house patent counsel William Youngblood ("Youngblood"). The mere inclusion of an attorney on a communication does not make it privileged. This is not work product because it was not written by an attorney revealing the preparation of a client's case nor does the Court find it to be an informal evaluation of the case written by Defendant's agent.

### B. JM00313705

The Court finds that this is not a communication between privileged persons for the purpose of obtaining or providing legal advice. This is an email from Youngblood to a non-attorney representative of Defendant's parent company – this is not an attorney-client relationship. This document is not work product because it does not contain legal analysis or

informal evaluation of the case. Rather it is a request to review and execute a confidentiality agreement.[1]

### C. JM00313069-75

The Court notes that JM00313070-75 are not part of Defendant's motion and finds that JM00313069 is not a communication protected by the privilege. It is not a communication between privileged persons to obtain legal advice. It is authored by a non-attorney representative of JM to a representative of Defendant's parent company that also copies Defendant's outside counsel and Youngblood. Similarly this is not work product because it does not contain a legal analysis nor is it sensitive preparatory work the rule is designed to protect.

### D. JM00312995-96

The Court notes that JM00312996 is an unexecuted document and finds that JM00312995 is not a privileged communication because it is not made between privileged persons nor is its purpose to obtain legal advice. Rather this is an email authored by Youngblood to Defendant's outside counsel that is copied to a non-attorney third party. The Court finds that this is not work product because it is not a legal analysis.

### E. JM00313395-97

Here, the Court reviewed a chain of emails between various attorneys at JM and Defendant's outside counsel. As noted at the beginning of this Opinion the Court assumes that a Joint-Defense/Community-of-Interest agreement does not exist. The Court finds that this is not subject to the attorney-client privilege because it is not a communication between privileged persons for the purpose of providing legal assistance. The first email in this chain of messages is authored by a non-attorney representative of Defendant's outside counsel to JM's in-house patent counsel. Nevertheless the presence of a third party waives the privilege. Teleglobe Commc'ns

---

[1] Defendants have not produced an executed agreement.

Corp. 493 F.3d at 361. This is not work product because it is written by a non-attorney and does not provide an informal evaluation of the case that, under the circumstance, should be protected.

### IV.     Conclusion

For the reasons set forth above, the undersigned hereby denies Defendant's application.

An appropriate order shall follow.


                                              s/ Cathy L. Waldor
                                              **CATHY L. WALDOR**
                                              **UNITED STATES MAGISTRATE JUDGE**


Dated: April 1, 2014