UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHIRE, LLC et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMNEAL PHARMACEUTICALS, LLC et al., <br><br> Defendants. | Hon. Stanley R. Chesler, U.S.D.J. <br> Civil Action No. 11-3781 (SRC) <br> (Consolidated) <br><br> **OPINION & ORDER** |
| SHIRE, LLC et al., <br><br> Plaintiffs, <br><br> v. <br><br> WATSON LABORATORIES, INC. et al., <br><br> Defendants. | Civil Action No. 12-83 (SRC) |

**CHESLER**, **U.S.D.J.**

This matter comes before the Court on Defendants' appeal of the non-dispositive order by Magistrate Judge Waldor, entered on December 26, 2013, denying Defendants' motion to amend their invalidity contentions to include an "on-sale bar" claim. For the reasons set forth below, the order will be affirmed.

A Magistrate Judge's non-dispositive order may be set aside if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). Here, Defendants contend that Magistrate Judge Waldor's decision should be reviewed under a *de novo* standard "because it is based upon a misinterpretation or misapplication of law." (Defs.' Br. 4.) Defendants are clearly incorrect. A

careful review of Magistrate Judge Waldor's decision indicates that it neither misinterprets nor misapplies this district's local civil rules.  Magistrate Judge Waldor correctly and cogently explained that the precedent governing the interpretation of the local patent rules is set by the law of the Federal Circuit, and that the Local Patent Rules are designed to encourage parties to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery.  O2 Micro Int'l, Ltd. v. Monolithic Power Sys., 467 F.3d 1355, 1364-66 (Fed. Cir. 2006).  Moreover, as the opinion indicates, the Local Patent Rules emphasize "*ultra* early disclosure of infringement and invalidity contentions for patent cases arising under the Hatch-Waxman Act."  Sanofi-Aventis v. Barr Labs., 598 F. Supp. 2d 632, 637 (D.N.J. 2009) (emphasis added).

      Here, Magistrate Judge Waldor balanced the factors governing applications to amend contentions carefully and deliberately.  Her conclusion that Defendants' application to amend was not timely brought is amply supported by the evidence of record before her.  She properly concluded that Defendants did not seek to amend their contentions until months after they concededly had all the information which they needed.  She likewise properly concluded that the Defendants had not been diligent in seeking information relating to the on-sale bar.  In fact, the record reflects no real diligence in pursuing information concerning this issue.

      Finally, Magistrate Judge Waldor properly reviewed the prejudicial impact the amendment would have.  Defendants moved to amend their contentions just nine days before fact discovery closed.  Granting this application would have required major adjustments to the pre-trial schedule – clearly to Plaintiffs' prejudice, given the time-sensitive nature of Hatch-Waxman

cases.

Magistrate Judge Waldor is clearly correct in concluding that Defendants' explanations for the proposed amendment were too little and too late, given the stage of the litigation. This Court is satisfied that Magistrate Judge Waldor's decision was neither clearly erroneous nor contrary to law, and that she correctly and fairly applied our local rules in reaching her decision. Her decision will be affirmed.

For the reasons stated above,

**IT IS** on this 12th day of May, 2014

**ORDERED** that Defendants' appeal (Docket Entry No. 461) of Magistrate Judge Waldor's order issued on December 27, 2013 is **DENIED**; and it is further

**ORDERED** that Magistrate Judge Waldor's order issued on December 27, 2013 (Docket Entry No. 457) is hereby **AFFIRMED**.

                                         s/ Stanley R. Chesler
                                    Stanley R. Chesler, U.S.D.J.